CHARLES W. MORGAN, plaintiff in error, vs. FRANCIS M.
JONES and wife, defendants in error.

[1.] Letters of administration on the estate of the deceased wife of a surviving
husband, claiming property through her, are inadmissible, until property is
proven in the wife.

[2.] The affidavit of a party to a cause, that an original paper, of which he had
the proper custody, was in his possession, that it had disappeared without
his consent, and was seen in the possession of the counsel of the opposite
party, is sufficient proof to admit secondary evidence.

[3.] Upon the same the counsel for defendant in error ought to have been com-
pelled to answer on the motion of plaintiff's counsel, if he had the deed in
Court, and to produce it if he had.

[4.] A ground of error not certified by the Court will not be considered.

[5.] A party must always make the usual preliminary proof for the admission
of secondary evidence, or that kind of evidence will not be admitted.

[6.] A party cannot claim titles to property on account of his marriage, because
he had heard that the father of the wife had admitted that the property be-
longed to her.   The statement must have been made to induce the marriage.

[7.] If there be written evidence of title it should be produced; if lost or de-
stroyed its contents may be proved.

Trover, from Sumter.   Tried before Judge KIDDOO, Sep-
tember Term, 1857.

This was an action of trover, brought by Francis M. Jones
and wife, Julia A. Jones, (formerly Morgan,) against Charles
W. Morgan, the father of Mrs. Jones, for the recovery of the
one-fifth of two negro women, Binah and Katey, and their
increase.

On the trial, it appeared from the evidence, that plaintiffs
were married about 1848, at which time Mrs. Jones was a
minor, about nineteen years old; that her mother, Charlotte
Morgan, wife of defendant, and formerly Charlotte Gibbons,
died in 1841; that Jones, the plaintiff, boarded with defend-
ant at the time he married his daughter, and remained there
a few months afterwards; that defendant, after his wife's
death, admitted that the negroes belonged to his children ;
never claimed Katey and her children; always acknowledged

that they belonged to his children, and was willing to give them up, but did not do so, for the reason that plaintiff said he would have all or none; the value of the negroes and their annual hire was proved; also demand and refusal.

Plaintiff then read in evidence the following deed:

GEORGIA, LAURENS COUNTY:

Know all men by these presents, that I, Ann Gibbons, of this county and State aforesaid, for, and in consideration of the good will and affection that I have towards my daughter, Charlotte, now wife of Charles W. Morgan, of this county, do hereby give and bequeath to her, the said Charlotte Morgan, and to her heirs forever, a certain negro girl, named *Binah*, about sixteen years of age—that is to say, to be and remain hers during the period of her natural life, not subject to the control of her present husband, nor any other person whatsoever, or subject, in anywise, to the said Charlotte Morgan nor her present husband, so far as to be entitled to sell or dispose of the same, or in anywise subject to any contract, dues or demands against the said Charlotte or her husband, Charles W. Morgan, but to be and remain hers during her natural life, and at her death to belong to her children—that is to say, the said Binah with all her increase.

In witness whereof I have hereunto set my hand and seal this 22d day of April, 1826.

ANN GIBBONS, [L. S.]

Witness:
MARY SALTENSTALL,
JOSEPH JOINER.

This deed was recorded 24th April, 1826.
Plaintiff closed.

Defendant proved that he married Charlotte Gibbons in 1821, and lived the balance of that year with Mrs. Gibbons

and managed her business; in 1822 moved off and lived within a mile of Mrs. Gibbons; that from 1822 up to 1831 he was in possession of Binah; defendant removed from Laurens to Sumter county in 1832, and took Binah, and has had possession of her ever since; that he took possession of Katey and her family in 1826, and a deed was then made to them.

Defendant then offered in evidence letters of administration granted to him on the estate of his deceased wife, Charlotte, dated 3d May, 1852.

Plaintiff objected to their introduction on the ground of irrelevancy. The Court sustained the objection and defendant excepted.

Defendant offered a copy deed from the records of Laurens county, duly proved and recorded, certified by the Clerk, from Ann Gibbons to Lewis Snider, senior, and Henry Gibbons, for negro Katey and other negroes and property, in trust for Charlotte W. Morgan, for life, and after her death to her heirs, dated 31st July, 1826, and proposed to prove by his own oath, that he was in possession of the original, which was taken from him or disappeared without his knowledge or consent, before this suit was brought; that he had made diligent search and could not find it, and that it was not in his power, possession, or control.

The Court rejected the copy deed as affording no evidence of the existence of the original, and as its existence could not be shown by defendant's own oath, (defendant proving on his cross-examination, or proposing to prove that the original was in the possession of Willis A. Hawkins, Esq., attorney for plaintiffs, at the time this case was tried before, in 1853, and that it was used in evidence; that he had not applied to Hawkins for the deed, although he believed it was now in his possession), and defendant excepted.

Defendant then offered in evidence a copy of a deed from Ann Gibbons, to Binah, dated 6th January, 1820, to Char-

lotte Gibbons, his late wife, properly certified, from the records of Laurens county, and offered to prove by James Glass that he saw the original in defendant's possession in 1827, and that it then had the appearance of age. Plaintiff objected to the introduction of the paper, and the Court sustained the objection and rejected the copy and Glass' testimony, and defendant excepted.

Defendant closed.

After argument of counsel and the charge of the Court, the jury retired and found for the plaintiffs " three thousand one hundred and forty dollars, it being the one-fifth part of the valuation of the negroes, which amount may be discharged by defendant delivering to plaintiff his share, to-wit: one-fifth of the negroes, if done by the first January next, and also, $1,276 80 for hire."

Whereupon, defendant moved for a new trial, on the ground of error in all the rulings and decisions above excepted to, and further, because the Court erred :

1st. In charging the jury that if a parent permits property to go home with a son-in-law, unexplained, the law presumes a gift, but *whenever it appears in evidence that there was a deed, then the deed must be produced,* and illustrated the latter part of this charge as follows : " It is alleged that before the deed of 1826, Binah had been in possession of defendant for more than four years. Now, if she had been in defendant's possession in 1822, and up to 1826, without explanation, the gift was absolute, but if it once leaks out that there is a deed, that must be produced or accounted for. Hence, the Court thinks the parol evidence does not amount to a gift; if the jury are satisfied there was a deed made at the time the gift was made, it must be produced or accounted for; it is the highest evidence of the nature of the trust, and parol evidence will not be allowed to prove it to the contrary. If the Court errs there is a higher tribunal."

2d. Because the Court erred in charging the jury "that the statute of limitations cannot avail unless there is an adverse possession, but if the property was held by permission of the owner, by him, as a loan or otherwise, the holder disclaiming title, the possession is not adverse, but if, after holding for some time in that way, he sets up a claim, and the person to be affected had notice of such claim, then, the statute of limitations commences to run;" there being no proof of any hiring, nor any evidence to authorize such charge.

3d. Because the Court erred in charging "that if defendant's admissions that Katey and her family belonged to his children came to Jones' knowledge, he, Jones, had a right to marry Morgan's daughter on those admissions, and Morgan was bound by them," there being no evidence to authorize such charge.

4th. Because the Court erred in refusing to charge as requested by defendant, "that it is not necessary that there should be an actual manual delivery to constitute a valid gift, and if the jury believed from the evidence, that defendant married Miss Gibbons and that Binah was in her possession prior to the marriage, that he lived with his mother-in-law in 1821, and in 1822 lived within a mile or so, that he took Binah with him when he moved off, and she has been in his possession ever since, or for four years, then they are authorized to presume a gift, and they will find, as to Binah and her family, for defendant," the Court saying it is all correct unless it appears that there was a deed at the time of the gift, but if there was a deed, that must control, and not parol evidence.

And because the verdict was contrary to law and evidence and the equity of the case.

The Court overruled the motion for a new trial, and defendant, by his counsel, excepts.

SCARBOROUGH, WARREN & WARREN, and STUBBS & HILL, for plaintiff in error.

McCOY & HAWKINS, for defendants in error.

*By the Court*—McDONALD, J. delivering the opinion.

[1.] The first error complained of in the record is the rejection of the letters of administration granted to the plaintiff in error, on the estate of his deceased wife. They were offered in support of his title to the property sued for. Up to the time of his tendering them in evidence, he had established nothing more than a life estate in his wife, and that having terminated at her death, the letters were not evidence, and were properly rejected by the Court.

[2.] We think that the proof proposed to be made by the plaintiff in error was sufficient to lay a foundation for the admission of secondary evidence of the deed for negro Katey, and other negroes and property, in trust, &c., and that the copy deed from the records in Laurens county ought to have been admitted. The original had been in the possession of the plaintiff in error, and had been taken, surreptitiously, from him, and had been seen in possession of the counsel of the opposite party, and was offered in evidence on a former trial. The Court refused to admit the copy, on the ground that the party could not be permitted to prove, by his own oath, under such circumstances, the existence of the original. We think he committed error in thus ruling. The party's affidavit was sufficient. But the record of the paper was some evidence of its existence. The Act of 1819, authorized the recording. *Edginton vs. Nixon*, 5 *Bing. N. C.* 316; *Bousfield vs. Godfrey*, 15 *E. C. L. Rep.* 485. But this was a case in which the party might have been ruled to produce the original, and for the Court to have passed a formal order to read a copy in evidence. The affidavit of the party would

have been sufficient evidence upon which to proceed summarily against the opposite party, to produce the deed in Court.

[3] The counsel for plaintiff in error moved the Court to compel the counsel of the defendant in error to answer, under the foregoing circumstances, if he had the original deed of gift in his possession, and to produce it, if in Court. The Court refused the motion. In this, we think the Court below erred. The counsel ought to have been compelled to answer if he had in Court the said deed, and if the facts upon which it was alleged the possession had been acquired, were not controverted, an order to produce it ought to have been granted.

[4.] The fourth ground is not certified to by the Court, and cannot therefore be considered.

[5.] The plaintiff did not make the proof preliminary to the admission of the copy deed of gift offered in evidence, that the original was not in his possession, power, or custody, nor was notice given.

The copy, on these grounds, was properly rejected.

The first charge given by the Court was unobjectionable, with the exception of the supererogatory and unnecessary remark, that "if the Court errs there is a higher tribunal." This is certainly not the law *of the case*, and might induce the jury to be less particular in scrutinizing the facts and making a careful application of the principles of law, as given to them in charge by the Court.

The second charge complained of was rather more favorable to the plaintiff in error than the defendants, and there is no error materially affecting the merits of the case.

[6.] There is no evidence in the record, that the admissions of the plaintiff in error that Katy and her family belonged to his children, came to the knowledge of Jones, before his intermarriage with the daughter, and on that ground the charge was wrong, but if there had been such evidence, and there

had been further proof that Jones had heard such admissions, and on the strength of them, he had married the daughter of the plaintiff in error, the charge that the plaintiff in error was bound by them was still erroneous. If a man marries a lady under such circumstances; when the statements are not made to induce him to contract marriage, it is his own folly.

A parent is not bound by every idle rumor which may be circulated in the community, in regard to the property of his children, nor by his own casual remarks without meaning or object. To bind him they must be made as a matter of contract, or in a manner, and with an intention, to induce the person to act on them.

[7.] The Court charged the jury, on the request of the plaintiff in error, to which the *defendant in error*, it is alleged, makes exception, substantially correct. The request, itself, was not strictly in accordance with the law, as it has been administered in such cases. To make a parol gift there must be a delivery, and from the request, it is to be presumed that Binah did not accompany Morgan and his wife when they moved to themselves, but that she went to them afterwards. The record is silent as to the precise time that she went to them, nor does it state in what capacity she went, whether as a gift or a loan. There is no evidence that he claimed her, either for himself or his wife, prior to the execution of the deed of gift in April, 1826. He offered in evidence the copy of an instrument purporting to be a deed of gift, bearing date in 1820, but that was rejected, and he offered no further proof as to its contents. It was manifest to the Court that the plaintiff in error claimed that there was a deed of gift executed to his wife, and the Court properly held that that instrument should be produced. If it cannot be produced, the party, if he can, should make proof of its contents, as the best evidence of the nature of the title which passed to Mrs. Morgan.

The remark of the Court to the jury, " that if a party, by

misfortune or accident, fails to get or produce all the evidence that might have been produced, it is not the fault of the Court or jury," is made a ground of error. The remark involves no legal principle, nor was it calculated to enlighten the jury in regard to any matter of law or fact in issue before them. It was simply useless and improper, as tending to no beneficial end, and had as well been omitted. It cannot, however be made a ground for reversing the judgment of the Court.

It is alleged as error also, that the Court did not allow the defendant to continue the cause. It does not appear in the record that he applied for a continuance.

The evidence in the record is not sufficient to enable us to pass upon the verdict. The plaintiffs in the Court below claim in their declaration, one-fifth of the negroes sued for, and one-fifth of the hire, and the jury find for them one-fifth of both negroes and hire, but there is nothing in the record to show that there was any evidence before the jury on that point. It is not shown how many children Mrs. Morgan left at the time of her death. The first witness sworn for the plaintiffs was her son, and Mrs. Jones, one of the plaintiffs, was her daughter. Beyond this, nothing appears in the record on that point.

We reverse the judgment on the grounds mentioned in this opinion.

Judgment reversed.