SEABORN ANDERSON, plaintiff in error, *vs.* JAMES SUGGS, defendant in error.

Where, in an action of ejectment for land, the controversy is about the dividing line, and the plaintiff shows title in himself to the lot, but not a chain of title from the State, and the defendant claims through a deed from plaintiff, and evidence is introduced to prove the acquiesence of the defendant in the boundary asserted by plaintiff, and such witness discloses by his evidence the existence of such deed, and a motion made to rule out the evidence relative to the contents of the deed, was overruled and the plaintiff closed his case, and the jury found for the plaintiff with *mesne* profits:

*Held*, That the plaintiff had not shown such title as would allow him to recover on the deeds, his evidence being no chain of title from the State to him.

*Held further*, That while evidence of acquiescence in the boundary under the facts, in this case was competent evidence, it was not competent to go into the contents of the deed, and on the fact of the exi s tence of such deed from plaintiff to defendant being shown, it was the duty of the Court to stop the testimony until the parties, one or the other claiming under such deed, produced it.  And as a question of practice, he who claims any right or benefit arising under any instrument in writing is the party whose duty it is to present it to the Court and put it in evidence.

Where illegal testimony has been improperly admitted by the Court, an d the plaintiff has not made out such a case as entitles him to recover upon his titles:

*Held*, That the refusal to grant a new trial is error.

If illegal evidence comes in without objection it should be ruled out upon a motion afterwards made for that purpose.  (R.)

Ejectment.  New Trial.  Before Judge HARRELL.  Quitman Superior Court.  May Term, 1870.

Suggs brought ejectment against Anderson for part of land lot number sixty-eight, in said county, to-wit: forty acres of it on the north side of a certain branch. A witness, introduced by plaintiff, testified, that Anderson told him that he bought of Suggs a part of said lot, and put him in possession: that he had seen the deed from Suggs to Anderson to part of said lot; that Anderson told him he paid Suggs for the part south of the branch, but that he had ascertained that the part south of the branch was not half the lot; that Anderson got an order of Court for a division of the land; that he got the County Surveyor, and gave notice to the parties, and that the Surveyor, in dividing the lot into equal parts, ran south of the line, north of the branch, and that Suggs, since this suit was brought, sold the north half of said lot, and his purchaser had taken possession and claimed only down to the line run by the Surveyor, and recognized that as the correct line; that in 1862, Anderson went north of the branch and cleared about twenty acres north of the branch, but south of said line run by the Surveyor.

Counsel moved to rule out this evidence, because it appeared that there was a deed, which was the best evidence of what was conveyed by Suggs to Anderson. The motion was overruled.

Plaintiff's counsel then read in evidence the following deeds: one made the 11th of November, 1850, from James F. Newsom to Suggs; one made the ...... day of January, 1850, from James Cooper to said Newsom; one from John Cooper to James Cooper, made the 18th of May; 1850; another, from Evan Rice to John Cooper, made the 10th of April, 1849, each of which conveyed that part of number sixty-eight lying north of said branch; a deed from Leonard Cooper to James F. Newsom, made the 6th of January, 1847, conveying numbers sixty-two, sixty-seven and part of sixty-eight, south of a branch therein. The jury found for the plaintiff. Defendant moved for a new trial, because the Court refused to rule out said testimony, and because the ver-

dict is not supported by the evidence, etc.    The new trial was refused, and that is assigned as error.

E. L. DOUGLASS.    B. S. WORRILL, for plaintiff in error.

A. HOOD, for defendant.

LOCHRANE, C. J.

This case presents a controversy about the dividing line of a lot of land which Suggs had sold to Anderson.  Upon the trial below, it appeared that Suggs was the owner of lot of land number sixty-eight, in the Eighth District of Quitman county, and that he had sold to Anderson a part of that lot. It further appears, that the lot was divided by a stream called Big Branch.    The part of the lot sold to Anderson, Suggs claimed to be south of this branch.    In 1862, however, Anderson went over the branch, on the north side, clearing some twenty acres, for which twenty acres, this suit in ejectment was instituted.    On the trial, Suggs introduced Abraham Shields as a witness, who testified as to the sayings of Anderson, relative to his acquiescence in the Big Branch as the dividing line.    Shields also stated that he had seen the deed Suggs made to Anderson, and also some action by the County Surveyor in running the lines.    Several deeds were introduced from various parties for the whole lot to Suggs in which it appeared, that the part south of the branch had been deeded as that part of lot sixty-eight, lying south side of the branch; and in the other deed, for the north part, known and distinguished as the "north part of the lot sixty-eight, or all that part lying north of Big Branch."    These titles by their terms recognize the branch as the dividing line. The plaintiff closed, showing title in himself to the whole lot, but not a chain of title from the State.    Defendant introduced no evidence.    The jury found for the plaintiff with *mesne* profits.

1. The first assignment of error, is upon the admission of

Anderson *vs.* Suggs.

the testimony of Abraham Shields. It appears from the bill of exceptions, the counsel for defendant moved to rule out the testimony of Abraham Shields, upon the ground that he could not give in evidence the contents of the deed. The Court overruled this motion. In this, we think the Court was in error. It was competent for Abraham Shields to have proved the sayings of Anderson while in possession as to his assent to, or acquiescence in Big Branch as the dividing line; but it was not competent for him to go into the contents of a deed. And, as soon as it was disclosed by his evidence to the Court that there was a deed from Suggs to Anderson, it was the duty of the Court to have stopped the testimony, and compelled the parties, one or the other, claiming under such deed, to have introduced it.

A question of practice in this particular, has been argued before us, and we lay down the rule, that he who claims any right or benefit, arising under any instrument in writing, is the party whose duty it is to present it to the Court, and put it in evidence; and this rule is not changed by the fact that the instrument is in the possession of the adverse party. As to the oral evidence in relation to the order of the Court and the action of the Surveyor, we hold that as to such testimony, whether it was objected to at the time of its admission or not, it was the duty of the Court to have ruled it out when that motion was made before it. And inasmuch as Suggs was not entitled to recover upon the title presented, the whole lot in dispute and the testimony of Shields was improperly admitted, we hold the Court erred in refusing to grant a motion for a new trial.

Judgment reversed.