BRINSON *et ux. vs.* LASSITER *et al.*

1. The levy of a tax execution for $3.60 on one hundred acres of land, worth $1,200, is such a fraud on the law as to render the sale void at the option of the land-owner, and a deed made in pursuance of such levy and sale is void on its face, if it show the fact of such excessive levy.

2. The levy in this case was also void for want of sufficient description of the premises levied on. It described the land as "One hundred acres of land, as the property of William E. Lassiter, bounded as follows: north by Dr. Wallace, and west by the Central railroad"; there being two branches of the Central railroad in the county, and no boundaries east and west being given.

(a) It is not sufficient that the purchaser knew the boundaries of the land. It should be so described that the world may know them, in order that all may knowingly bid and the land may bring the highest market price.

3. The verdict was warranted by the evidence.

May 2, 1888.

Tax. Executions. Levy and sale. Description. Before Judge RONEY. Burke superior court. May term, 1887.

Reported in the decision.

R. O. LOVETT and E. L. BRINSON, for plaintiffs in error.

TUTT & LOCKHART, by ROBT. L. RODGERS, *contra.*

SIMMONS, Justice.

The record in this case shows that 100 acres of land, worth $1,200, were levied on by the sheriff of Burke county to satisfy a tax execution for $3.60, and that the land was sold to the wife of the tenant of the landlord for $35. Under the charge of the court, the jury decreed that the sale was void and should be set aside, and that the respondents should pay $300 for rent and damages for the years they had been in occupation of the land.

1. Under the facts as disclosed by this record, the sale by the sheriff was void, for two reasons. The first is, because the levy and sale made by him were excessive. The levy of a tax execution for $3.60 on 100 acres of land worth $1,200, is such a fraud on the law as to render the sale void at the option of the land-owner, and a deed made in pursuance of such levy and sale is void

on its face, if it shows the fact of such excessive sale.
Cooley on Taxation, 496. "A levy grossly excessive
will be deemed fraudulent, and a sale thereon will be set
aside; and where, on such levy, a sale of lands *en masse*
is made, without its appearing that the land was first
offered in less parcels, the inference will not arise that
such was the course pursued by the officer, but rather the
reverse thereof. Thus a levy of property of the value of
$800 for a claim of $21 is grossly excessive and oppres-
sive." Rorer on Judicial Sales, §711. In the case of
*Doane vs. Chittenden & Co.*, 25 *Ga.* 103, this court held
that where two tenements on the same lot, worth each
several thousand dollars, were both levied on and sold
together to satisfy a tax execution of less than one hun-
dred dollars, the sale was absolutely null and void. See
also *Wallace et al. vs. Atlanta Medical College*, 52 *Ga.*
164; *Parker vs. Glenn*, 72 *Ga.* 637; *Morris vs. Davis*, 75
*Ga.* 169.

2. The levy was void because of the want of sufficient
description of the premises levied on. The levy de-
scribed the land as follows: " One hundred acres of land
as the property of William E. Lassiter, bounded as fol-
lows: north by Dr. Wallace, and west by the Central
railroad." If the sale had been legal in other respects,
and the sheriff had attempted to put the purchaser in
possession, it would have been impossible, under this
description, for him to have done so. No boundaries of
the land are mentioned south or east; and while the
levy says that it is bounded west by the Central rail-
road, it does not say which branch thereof, there being
two branches of the Central railroad in Burke county.

Nor is it any reply to this objection to say that the
purchaser knew the boundaries of the land. The land-
owner has a right to have the premises properly de-
scribed in the levy and advertisement, in order that all
persons may know the proper boundaries of the tract to

be sold, and in order that it may bring the highest market price.    While the tenant of this land-owner perhaps did know the boundaries of the land, other persons who might desire to purchase did not have the same knowledge, and might have been kept from attending the sale and bidding on the land by reason of the insufficiency of the description in the levy and advertisement.    We think, therefore, that the verdict of the jury was right in setting aside this sale and decreeing a cancellation of the sheriff's deed made thereunder, and that the court was right in refusing to grant a new trial on these grounds.

3. The only other ground urged before us by the plaintiff in error was, that the verdict was wrong in finding the amount of rent and damages against Brinson and his wife.    He insists that if either was liable, it was the wife; that she was the purchaser at the sale and the deed was made to her.    The record discloses that while the purchase was made at the sheriff's sale for the wife, yet the husband furnished the money to his brother and instructed him to buy the land and pay this money for it, and have the deed made to his wife.    The record further discloses that J. P. Brinson, the husband, was the tenant of Mrs. Lassiter, who controlled this property, and that she resided some thirty miles away, and that shortly after this sale by the sheriff, she moved to the State of South Carolina.    According to her statement, she saw Brinson twice after this sale, and he gave her no notice that such a sale had taken place; nor does the record disclose that the sheriff or tax-collector either gave her notice of the sale until after the expiration of the time in which she had the right to redeem the land. After this time had expired, the sheriff notified her of a small balance which he had in his hands, arising from the sale of this land, over and above the taxes.    He turned out Mrs. Lassiter's tenant and put Brinson and

his wife in possession of the land. The evidence somewhat indicates a collusion between Brinson and his wife and this sheriff to prevent Mrs. Lassiter from obtaining knowledge of the sale in time for her to redeem the land. Brinson and his wife occupied the land nearly two years, up to this verdict. The land was proved to be worth $125 or $150 a year rent. Brinson hauled wood and rails away from the land. Instead of being simply agent for his wife, as contended for by the plaintiff in error, we think the record shows that he was a confederate with her in the injury and damage which occurred to this defendant in error, and the verdict against both was right and proper.

The rulings upon these points control this case, and it is unnecessary for us to discuss the other grounds of the motion for a new trial.

Judgment affirmed.