## HOBBS v. HAMLET et al.

The levy of a tax execution for $16.20 upon an undivided one-half interest in 1225 acres of land worth five or six dollars per acre was so grossly excessive as to render a sale thereunder void, notwithstanding separate offers were made of an undivided one-half interest, first, in a half lot containing one hundred acres, then in additional whole lots containing two hundred acres each, with no bid until an undivided one-half interest in the whole tract was offered.

Argued November 14, 1898. — Decided February 3, 1899.

Levy and claim. Before Judge Littlejohn. Lee superior court. March 11, 1898.

An undivided half-interest in 1225 acres of land was levied on and sold under an execution against Tucker for State and county taxes for the year 1893, amounting to $16.20; the purchaser being Richard Hobbs, Jr. In 1895 a mortgage execution against the same property and founded upon a mortgage dated January 1, 1892, was levied upon the property, describing it as an undivided half-interest in certain lots, naming them by numbers, district, and county; and a claim was interposed by Hobbs. At the trial it appeared that there had been no redemption of the land as required by law. It was a plantation in a state of cultivation, with several buildings on it, and included five land lots and one half of another. The sheriff who conducted the sale testified that the whole property was worth $5 or $6 per acre, or $6,000 to $7,200 for the whole; and the

undivided half-interest would be worth one half of that. Also:
"My recollection is that I offered it one lot at a time, and kept
adding a lot to it, and never got any bid till finally I got the.
whole body. I offered the undivided half-interest in the lot,
as the deed states there, and did not offer the whole lot. The
deed follows the levy. Where there were whole lots I offered
a lot at a time, and where there were parts of lots I offered that
part of it, parts of lots 220 and 221. I offered those parts.
When I made those offers as stated, I gave the people a reason-
able time to bid, if anybody was going to make one. I looked
around the crowd and listened to see if anybody was going to
make a bid. I received the first bid when the whole planta-
tion was offered. It was sold for just the amount of taxes called
for. . . I levied on all this tract because it was pointed out
to me. I thought less would have brought the taxes."

The court directed a verdict finding the property subject, and
the claimant excepted.

*Jesse W. Walters*, for plaintiff in error.
*D. H. Pope & Son* and *E. A. Hawkins*, contra.

FISH, J. In the trial below counsel for both parties agreed
that the question involved was one of law, and that the presid-
ing judge should direct a verdict after hearing the facts and
argument. A verdict was directed finding the property subject.
to the mortgage fi. fa., upon the ground that the levy of the
tax fi. fa. was grossly excessive and that the sale thereunder
was void. Such ruling was in accordance with the former ad-
judications of this court. In *Brinson* v. *Lasseter*, 81 *Ga.* 40, it.
·was held that "The levy of a tax execution for $3.60 on one
hundred acres of land, worth $1,200, is such a fraud on the
law as to render the sale void at the option of the landowner,
and a deed made in pursuance of such levy and sale is void on
its face, if it show the fact of such excessive levy." A later
case strongly in point is *Williamson* v. *White*, 101 *Ga.* 276.
There a tax execution for $13.77 and fifty cents costs was levied
upon 555 acres of land embracing three lots, viz., numbers
167, 168, and 193. The sheriff exposed the land for sale in
separate parcels. Number 167 sold for $8; number 168 was.

next sold for $5.50, and number 193 was then sold for $20. Two of the lots contained 200 acres each, and the third 152 1/2 acres. The land was worth at least $2 per acre. It was held that such a levy was palpably and grossly excessive and rendered a sale thereunder void. Justice Cobb in rendering the decision said : "The fact that the sheriff sold the three lots levied on separately does not alter the case. The levy of a $14 execution upon 152 1/2 acres of land, which was the smallest lot, and of the value, according to the evidence, of at least $2 an acre, would have been so grossly excessive as to have avoided the sale if no other lots had been included in the levy. An excessive seizure by the sheriff of a defendant's property is what constitutes the fraud upon his rights, and a sale by parcels will not cure it, when it appears that a seizure of any one of the parcels would have been in itself an excessive levy. Purchasers are deterred, and wisely so, from buying property offered in parcels, where the levy as a whole is so grossly excessive as to render the same voidable for fraud." In the case now under consideration a tax fi. fa. for $16.20 was levied upon an undivided one-half interest in 1225 acres of land worth five or six dollars per acre. Such a levy was so grossly excessive as to be deemed fraudulent. While the land was offered in parcels, the smallest interest offered was an undivided half-interest in a half lot containing 100 acres, such interest being worth $250 or $300. A levy upon this interest alone would have been excessive and void. As suggested by Justice Cobb in *Williamson* v. *White*, supra, the very fact that a levy as a whole is so grossly excessive as to be void is sufficient reason to deter persons from purchasing the property when offered in parcels. Nobody cares to buy at a void sale. As bearing on main point, see *Doane* v. *Chittenden*, 25 *Ga.* 103; *Parker* v. *Glenn*, 72 *Ga.* 169; *Mixon* v. *Stanley*, 100 *Ga.* 372; *Forbes* v. *Hall*, 102 *Ga.* 47.

*Judgment affirmed. All the Justices concurring.*