HEAD *v.* LEE *et al.*

No. 15992.   DECEMBER 2, 1947.

*J. H. Highsmith*, for plaintiff.

CANDLER, Justice. (After stating the foregoing facts.) ■ By exceptions pendente lite seasonably filed, the plaintiff complained of a judgment striking paragraphs 15 and 16 of the petition.

These paragraphs alleged that the plaintiff had been damaged in the sum of $875 because of a forest fire on lands jointly owned the parties, which would not have occurred except for the wrongful acts of the defendant in preventing him from weeding the timber. These allegations were specially demurred to on the ground that they were too indefinite, and more specific information respecting the defendant's acts of interference was called for. These paragraphs of the petition were materially changed by amendment allowed subject to demurrer. No demurrer was interposed to the amendment nor was the original demurrer renewed to the petition as amended. We think that the amendment met the ground of demurrer and supplied the information called for. Accordingly, that ground of the demurrer did not cover the pleadings of the plaintiff after the allowance of the amendment, and it was incumbent upon the defendant to renew the demurrer if it was still relied upon. *Livingston* v. *Barnett*, 193 *Ga.* 640 (19 S. E. 2d, 385) ; *Davis* v. *Aultman*, 199 *Ga.* 129 (1) (33 S. E. 2d, 317) ; Code, § 81-1312. The demurrer, not having been renewed to the petition as amended, was no longer before the court, and therefore it was erroneous to render the judgment complained of.

■ One ground of the amended motion complains because the court—over an objection that the description contained in the entry of levy and in the deed was not sufficient to identify the land, and that the deed showed upon its face that it was void because based upon an excessive levy—admitted in evidence a tax deed, dated December 1, 1931, from the Sheriff of Bacon County, Georgia, to Bacon County, and the execution upon which it was based. The entry of levy and the deed described the property as being "40 acres of land in the northeast corner of that certain 425—acre tract of land, in lot 314 in the fifth land district of said county, known as the Minchew place, and being all of the land owned in said lot by defendant in fi. fa. on the first day of January, 1931." The execution issued and was proceeding for the collection of $55, due for State and county tax for 1931 in Bacon County, Georgia, and at public sale the land brought only that amount.

■ There is no merit in the objection to the admission of the deed upon the ground that it was based upon an excessive levy. In the first place, the objection does not come from the owner

whose land had been sold; and in the second place, the facts ap-. pearing on .the face of the deed do not show that it was based upon a levy so grossly excessive that this court can say as a matter of law that it was such a fraud on the law as to render. it void. *Brinson* v. *Lassiter,* 81 *Ga.* 40 (6 S. E. 468); *Forbes* v. *Hall,* 102 *Ga.* 47 (28 S. E. 915, 66 Am. St. 152); *Hobbs* v. *Hamlet,* 106 *Ga.* 403 (32 S. E. 351).

█ A levy must plainly describe the property seized. Code, § 39-103. And where an execution is levied on land, it must be described with that degree of precision necessary to inform the purchaser of what he is buying and sufficient to enable the officer selling it to place the purchaser in possession, otherwise it is void and a deed based thereon is likewise void. *Whatley* v. *Newsom,* 10 *Ga.* 74; *Burson* v. *Shields,* 160 *Ga.* 723 (129 S. E. 22); *McClellan* v. *Lipsey,* 169 *Ga.* 184 (150 S. E. 91). Tested by this rule, was the deed here involved void because the description contained therein and also in the levy upon which it was based failed to identify the land seized with the degree of accuracy required? If such be true, then, of course, the objection to its admission in evidence on that ground should have been sustained; otherwise not. This court has often held that the description in an entry of levy on land and in a deed is sufficient where it furnishes a key whereby the identity of the land may be·made certain by extrinsic evidence. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786); *Brice* v. *Sheffield,* 118 *Ga.* 128 (44 S. E. 843); *Sizemore* v. *Willis,* 130 *Ga.* 666 (61 S. E. 536); *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949); *Humphrey* v. *Johnson,* 143 *Ga.* 703 (85 S. E. 830). In the present case, it was stipulated between the parties that the "Minchew Place" embraced all of lot 314, in the fifth land district of Bacon County, except that 75 acres in the southwest corner of the lot lying south and west of Mill Branch. It necessarily follows that a tract of 40 acres, located in the northeast corner of the Minchew place, is located in the northeast corner of the lot. The original plats showing the boundary lines and the relative location of the districts and land lots in each county of this State are of file in the office of the Secretary of State; and this court will take judicial notice of the fact that land lot 314 in the fifth land district of Bacon County contains 490 acres and is located in a square, with its boundary lines running north and south,

east and west. *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819); *Harper* v. *Hesterlee,* 152 *Ga.* 251 (109 S. E. 902). Therefore the description contained in the entry of levy and in the deed in this case must be construed as covering that 40 acres in the northeast corner of the lot, which may be definitely located by taking the northeast corner of the lot as a base point and running equidistant along the two lines of the lot which intersect at such corner to the intersection of other lines drawn parallel to the respective lines first mentioned, all of the lines being of such length as will embrace the exact quantity of 40 acres. Therefore the court did not err in overruling the objection upon the ground of insufficient description.

■ The defendant tendered in evidence a deed from the Sheriff of Bacon County to Bacon County conveying "100 acres of lot of land 314, in the form of a square in the southeast corner, in the 5th land district of Bacon County, Georgia," reciting that a sale of the land had been made under and by virtue of five executions for State and county tax due by Mrs. E. A. Minchew in Bacon County for the years 1932 to 1936, inclusive. The several executions with an entry of levy on each were tendered with the deed. The deed was objected to upon the grounds, that it was void and consequently passed no title, because the executions for 1934 and 1936 were not signed by the tax collector; that the description of the land as it appeared in the deed did not follow the levy; and that the entry of levy appearing on each separate execution failed to describe the property seized. The court sustained the objection made to the two unsigned executions and refused to admit them; but otherwise overruled it. No attack was made upon the validity of the remaining three executions; and such being the case, it will be conceded that either was sufficient authority for a levy and sale. The record shows that all of the three executions were levied simultaneously upon land referred to therein as the property of Mrs. E. A. Minchew. The entries of levy on the executions were as follows: For 1932: "Georgia, Bacon County. I have this day levied on 150 acres of land in the form of a square of lot of land number 314, levied on as the property of Mrs. E. A. Minchew." For 1933: "Georgia, Bacon County. I have this 31st day of March, 1937, levied

on 150 acres in the form of a square of lot of land number 314, in the fifth land district, levied on as the property of Mrs. E. A. Minchew." For 1935: "Georgia, Bacon County. I have this 31st day of March, 1937, levied on 150 acres of land in the form of a square in the southeast corner of lot of land 314, levied on as the property of Mrs. E. A. Minchew."

An entry of levy upon an execution is the officer's declaration that he has seized property for the purpose of sale. One seizure for the purpose of satisfying several executions against the same defendant is sufficient, and the better practice, if not in fact the proper procedure, is to effect the same by a legal levy of either. If in the present case either of the three separate entries of levy is sufficient to constitute a seizure of the property described in the deed, then the objection made to it is without merit. Applying the rule, that a levy must plainly describe the property seized, to the entry of levy on the executions for 1932 and 1933, we must hold that they are void for lack of description. "150 acres of land in the form of a square of lot of land number 314" is wholly insufficient to identify any particular part of a lot containing 490 acres; and "150 acres in the form of a square of lot of land 314, in the fifth land district" is likewise insufficient. But upon application of the rule, that a description of land is sufficient where the entry of levy furnishes a key whereby its identity may be made certain by extrinsic evidence, we think that the entry of levy on the execution for 1935 was sufficient to constitute a legal seizure. For the reason stated in the preceding division of this opinion, this court takes judicial notice of the fact that no other land district in Bacon County, except the fifth, contains a lot numbered 314; and for the reasons stated in that division we are of the opinion that a deed which conveys 100 acres in the southeast corner of lot 314, which is necessarily in the fifth land district, as the property of Mrs. E. A. Minchew, is not void for lack of proper description. We also think that the objection to the deed because the description of the land conveyed does not follow the levy is likewise lacking in merit. The movant based that contention upon the ground that 150 acres were seized and only 100 acres sold. That question is sufficiently disposed of by saying again, as this court has frequently said, that it is the duty of a levying officer to sell only so much of the property seized as is

necessary to satisfy his writ. For no reason assigned did the court err in admitting the deed and the execution upon which it was based.

■ Over timely objection, the court admitted in evidence an instrument purporting to be a deed from Bacon County, Georgia, to Alco Lee, conveying to him both the 40-acre tract and the 100-acre tract in controversy. That no resolution had been entered on the minutes of the Board of County Commissioners, authorizing the conveyance, was the objection made to its admission. We think that the objection was well taken. As a general proposition of law, a county cannot, without legislative authority, dispose of real estate owned by it. 7 R. C. L. 946. In this State those county officers who by virtue of their office have charge of the county affairs may by proper order, to be entered on their minutes, direct the disposal of, and make and execute good and sufficient title to lands belonging to the county which are not necessary for public use. Code, § 91-602. A proper resolution, duly recorded, is the authority by which the county's title to land may be divested by deed. In *Braswell* v. *Palmer*, 191 *Ga.* 262 (11 S. E. 2d, 889), this court said: "Where county commissioners authorize a conveyance of land bought in by the county at a tax sale, but fail to put the order of authorization on the minutes, as required by the Code, § 91-602, it is competent for them, at a subsequent meeting of the board, to ratify the deed to the purchaser from the county, and to cause the authorization to be put on the minutes." In the instant case, as the record shows, there was neither a recorded order authorizing the conveyance in question, nor a subsequent ratification of the deed as in the *Braswell* case; and in the absence of such county action, the purported conveyance did not pass title to the land therein described. An objection to the admission of the deed in evidence upon a ground raising that question should have been sustained, and it was error not to do so.

■ Special ground 5 assigns error on the admission in evidence, over timely objection by the plaintiff, of certain tax receipts issued to D. M. Lee, as agent for Alco Lee, for the years 1944, 1945, and 1946. This assignment of error, not being insisted upon by counsel in their briefs or otherwise, will be treated as abandoned. The mere recital in the brief of the existence of the

assignment of error, without argument or citation of authorities in its support, is insufficient to save it from being treated as abandoned. *Henderson* v. *Lott,* 163 *Ga.* 326 (2) (136 S. E. 403); *Kuniansky* v. *Ware,* 192 *Ga.* 488 (15 S. E. 2d, 783).

■ Special ground 6 complains because the court admitted over objection a number of tax receipts, some of which were issued to D. M. Lee as agent of Alco Lee, and the other to "Mrs. E. A. Minchew Estate." Proof was offered showing that these receipts were for the payment of State and county tax by the defendant, Alco Lee, on the property in dispute for the years 1939 to 1946, inclusive. Under the issues involved in the case, the court did not err in admitting them. See *Chandler* v. *Raney,* 201 *Ga.* 544 (40 S. E. 2d, 661), and the cases there cited.

■ Both the plaintiff and the defendant, Alco Lee, claimed the undivided interest of Mrs. Cassie Spell Rewis, one of the heirs at law of Samuel J. Lee. It was the plaintiff's contention that she had conveyed her interest to him in 1945. The defendant, Alco Lee, insisted that she had conveyed it by deed to her brother, Sellers Lee, in 1913, and that by a series of subsequent conveyances it passed to him in 1943. Over objection, Mrs. Rewis, a witness for the defendant was permitted to testify in effect that she had sold and by deed conveyed all of her interest in the land to Sellers Lee many years prior to the date of the quitclaim deed which she made to the plaintiff for her interest. The defendants relied solely upon this evidence to show title in the defendant, Alco Lee, for her undivided interest. No deed from her was introduced, and no evidence was offered to account for its absence. In these circumstances, we do not think that the evidence objected to was admissible. It is the general rule that, if there be written evidence of title to land, it must be produced in order to prove its contents. Code, §§ 20-401 (4), 38-203; *Morgan* v. *Jones,* 24 *Ga.* 155; *Anderson* v. *Suggs,* 42 *Ga.* 265. And before secondary evidence is competent to show its contents, it must first be shown to the court that the original once existed (Code, 38-214); that it was properly executed (*Calhoun* v. *Calhoun,* 81 *Ga.* 91, 6 S. E. 913; *Garbutt Lumber Co.* v. *Gress Lumber Co.,* 111 *Ga.* 821, 35 S. E. 686); and that it is either lost or destroyed, or for some other sufficient cause is not accessible to the diligence of the party (Code, § 38-212). In the absence of any showing,

as is the case here, to account for the absence of the deed referred to, it was error to admit the testimony of the witness for the reason stated in the objection.

■ In paragraph 11 of the petition it is alleged: "The defendant, D. M. Lee, father of Alco Lee, has been and is the agent of said Alco Lee, and has been acting for, and representing his said son in all matters and transactions pertaining to and in connection with said property." The defendants, by their joint answer, admitted this paragraph of the petition. Upon the trial of the case, the defendant, Alco Lee, was permitted to testify, over proper and timely objection, as follows: "My father acted as my agent in acquiring the property for me. He acted as my agent in payment of taxes. I did not employ him or arrange for him to do anything else for me about this property. I never authorized him to do anything else about it. I never got any proceeds from the sale of timber, turpentine, or anything else, out there. Not since I bought the property. I haven't received anything else but bills so far." Special ground 8 assigns error on the admission of this testimony, on the ground that it was an attempt to limit the alleged agency, and contradicted the admission contained in the defendant's answer. The admission by the defendants, in their answer, of the alleged agency, was a solemn admission in judicio, and until withdrawn, evidence was not admissible to contradict it. *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.*, 140 *Ga.* 321 (2) (78 S. E. 900) ; *Fowler* v. *Johnson*, 151 *Ga.* 122 (106 S. E. 90). It was error to admit the testimony over the objection.

■ The trial judge may, within the restrictions prescribed by the Code, § 110-104, direct a verdict, but this court will in no case reverse a refusal to do so. *Rivers* v. *Atlanta Southern Dental College*, 187 *Ga.* 720 (1 S. E. 2d, 750) ; *First National Bank of Birmingham* v. *Carmichael*, 198 *Ga.* 309, 314, (31 S. E. 2d, 811). The complaint of the movant, in special ground 9, that the court erred in refusing the motion to direct a verdict in his favor for the undivided interest of Mrs. Cassie Spell Rewis is, therefore, without merit.

■ Because of rulings previously made in this opinion, it necessarily follows that the court erred in directing the verdict complained of.

■ The judgment denying a motion for new trial being otherwise reversed, no ruling is made on the general grounds of the motion.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*