**422**

BRIDGES *v.* McGALLIARD.

No. 17205. OCTOBER 11, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Joseph E. Webb,* for plaintiff in error.
*Milner & Stephens,* contra.

ALMAND, Justice. This was a common-law action for land, brought by C. O. McGalliard Jr., against Rena P. Bridges, to recover a strip of land claimed by the plaintiff as part of a city lot owned by him. Two demises were laid, one in the name of the plaintiff and one in Johnnie Baker Evans, both dated November 23, 1948. The defendant filed a plea of not guilty, and also asserted prescriptive title by adverse possession under a deed to her from W. L. Brandenburg dated December 7, 1934. By amendment to her answer, it was alleged that "she and her predecessors in title have been in actual, adverse possession of the land in question for more than 20 yrs."; and that "the line between said property outlined by & being a fence has been acquiesced in by the plaintiff & his predecessors in title for more than 7 yrs." Upon the trial, the only muniments of title introduced by the plaintiff consisted of a deed from Johnny Baker Evans to himself, dated November 23, 1948, and a deed from Mrs. Clyde Hill Campbell and Mrs. Drucilla Hill Mann to D. C. Dailey, dated November 26, 1944, both deeds conveying land which included that sued for in this action. D. C. Dailey testified for the plaintiff, as to the lot purchased by him in 1944: "I bought the property and sold it to Mr. Morris; Morris sold it to Drake; and Drake sold it to Mrs. Evans, and she sold it to McGalliard." There was no evidence of possession by or title into either Mrs. Campbell or Mrs. Mann, and it did not appear from either the pleadings or the evidence that the parties claimed under a common grantor. The jury returned a verdict in favor of the plaintiff, and the defendant's motion for a new trial, based on the general grounds and an amendment which

only elaborated those grounds, being overruled, she excepted.

"A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. Where both parties claim under a common grantor, it is not necessary to show title back of such common grantor." Code, § 33-101. "Broadly speaking, this means that the plaintiff must be the holder of the true title, a title good against the whole world; but as limited by the exceptions which will appear later, it rather means that the plaintiff either has the true title, or else stands in such legal relation to the defendant that the latter is estopped from denying his title. Indeed, the plaintiff may carry the burden of establishing the strength of his own title either by tracing title into himself from the original source of title, through conveyances and other muniments of title, or through the transmission of title by operation of law, or both; or by the aid of the presumptions which the law recognizes as arising from certain given states of fact; or by the admissions, actual or implied, of the defendant or his privies in estate; or by showing title by prescription, or a certificate under the Land Registration Act; or by proving such a state of facts as will estop the defendant from denying his title." Powell on Actions for Land (Rev. Ed.) 131, 132, § 130. The plaintiff in this case having failed to show title in himself by a chain of title from the State, by prescription, or in any other manner recognized by law, and it not appearing from either the pleadings or the evidence that the parties claimed under a common grantor, the verdict in favor of the plaintiff was contrary to law because without evidence to support it, and the court erred in overruling the defendant's motion for a new trial. See *Anderson* v. *Suggs*, 42 *Ga.* 265; *Floyd* v. *Bell*, 202 *Ga.* 269 (42 S. E. 2d, 639).

*Judgment reversed. All the Justices concur.*