60964. MEDLIN v. CHURCH.

POPE, Judge.

Appellee initiated this suit against appellant, a South Carolina resident, alleging that appellant was liable for property damage resulting from a collision involving appellant's minor son. Appellant was served pursuant to the Nonresident Motorist Act. He filed a response and specifically denied that he was liable for the damage to appellee's vehicle. Appellee subsequently filed a motion to add appellant's son as a party. The trial court found that the son was an indispensable party and ordered that he be joined as a party defendant.[1] Thereafter an attempt was made to serve the son pursuant to the Nonresident Motorist Act.

The son never filed a response nor appeared at the trial of the case, nor was a guardian ad litem appointed by the trial court. The case proceeded to trial and resulted in a verdict in favor of appellee against both appellant and his son for $700.00 in property damages and $2,143.96 in attorney fees. Appellant appeals from the denial of his motions to set aside the verdict, for new trial, and for directed verdict.

1. Appellant contends that the judgment in the instant case is void on the ground that his son was never properly joined as a party defendant. He contends that the Civil Practice Act, specifically Code Ann. §§ 81A-104 (d) (3) and 81A-117 (c) and the Nonresident Motorist Act, specifically Code Ann. § 68-801, require that a

---

[1] Under Georgia law where the head of the family is sought to be held liable for some wrong committed by a member of his family within the scope of the family purpose doctrine, that member of the family need not necessarily be joined as a party defendant. *Miller v. Strauss,* 38 Ga. App. 781 (145 SE 501) (1928); 61 CJS 254, Motor Vehicles, § 500(b).

nonresident minor *and* his legal guardian be served with notice of service and a copy of the petition and process.

In the instant case, the son was served pursuant to Code Ann. § 68-802; appellant, however, was not served in his capacity as the natural guardian of his son. Appellant was served with appellee's motion to add the son as a party defendant and with appellee's affidavit of compliance with Code Ann. § 68-802 regarding service upon the son. Nevertheless, appellant contends that since he was not served in his official capacity as natural guardian pursuant to Code Ann. § 68-802 — even though his son was served — the trial court never acquired personal jurisdiction over his son, thus making the resulting judgment void.

The Nonresident Motorist Act authorizes substituted service upon a nonresident minor growing out of an accident or collision in which any "such nonresident minor may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle anywhere within the territorial limits of the State of Georgia." Code Ann. § 68-801. Thus, the Nonresident Motorist Act operates to require a nonresident minor to answer for his conduct in this state as well as to provide a claimant a convenient method by which he may sue to enforce his rights.

In order for a court of this state to obtain jurisdiction over the person of a defendant in an action brought against a nonresident motorist so as to render valid a judgment in personam against such defendant, two things must be done: (1) service of process and copies of the petition, or other pleadings with process attached thereto, must be made upon the Secretary of State or his duly authorized agent; and (2) notice of such service and a copy of the petition and process must be sent by registered mail to the defendant. Code Ann. § 68-802. In addition to service upon the nonresident defendant, the Nonresident Motorist Act further requires that "if any person upon whom service of process is authorized by this Chapter shall die, be insane, or *shall not be sui juris,* service shall be made upon his administrator, executor, guardian, or personal representative, in the manner prescribed in this Chapter, if such administrator, executor, guardian, or personal representative shall not be a resident of this State." Code Ann. § 68-810. A minor is not sui juris. *Ehrhart v. Brooks,* 231 Ga. 272 (1) (201 SE2d 464) (1973). Accordingly, in order to perfect service upon a nonresident minor defendant under the Nonresident Motorist Act, *both* the nonresident minor defendant and his guardian must be served. Code Ann. §§ 68-801 and 68-810. See Code Ann. § 81A-104 (d) (3); *Lanier v. Foster,* 133 Ga. App. 149 (2) (210 SE2d 326) (1974).

The Nonresident Motorist Act must be strictly construed and

fully complied with before a trial court can obtain jurisdiction over the person of a nonresident defendant. *Roland v. Shelton,* 106 Ga. App. 581, 585 (127 SE2d 497) (1962). In the absence of service in conformity with the Act, or the waiver of its requirements, any judgment rendered by the court is void. Code Ann. § 110-709; *Roland v. Shelton,* supra. In the instant case, appellant was not served by registered mail in his capacity as the nonresident natural guardian of his son nor was a guardian ad litem appointed. Any knowledge appellant may have had regarding this lawsuit would not cure this defect. See *Hardwick v. Fry,* 137 Ga. App. 771 (225 SE2d 88) (1976); see also *Cheek v. Norton,* 106 Ga. App. 280 (126 SE2d 816) (1962). Accordingly, the judgment against the son is void. Code Ann. § 110-709; *Collins v. Collins,* 148 Ga. App. 103 (1) (250 SE2d 870) (1978); *Harvey v. Harvey,* 147 Ga. App. 154 (2) (248 SE2d 214) (1978).

2. We must now consider whether the single judgment rendered against both appellant and his minor son must be set aside as to appellant in light of our holding in Division 1 of this opinion. The theory of liability underlying the judgment was the family purpose doctrine. "Under this doctrine, the owner of an automobile who permits members of his household to drive it for their own pleasure or convenience is regarded as making such a family purpose his 'business,' so that the driver is treated as his servant." Prosser, Law of Torts 496, § 72 (3rd Ed. 1964); *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184) (1947).

"The same principles apply to a master and servant when sued jointly in an action based solely on the negligence of the servant. . .as would apply in cases of joint liability against joint tortfeasors [Cit.]; . . . the verdict and judgment must be valid against both or it is valid against neither." *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 817-818 (108 SE2d 561) (1959). However, "[i]t is the opinion of this court that this is not an absolute rule but the indivisibility of the judgment results only, and is applicable only, where there is to be a new trial as to some of the tortfeasors or where some of the tortfeasors, against whom a judgment has been rendered, are released therefrom for reasons other than on the merits, as shown by the evidence in the case, such as. . .lack of service. . ." *Ammons v. Horton,* 128 Ga. App. 273, 275 (196 SE2d 318) (1973). Since service was not perfected upon appellant's son according to statute, the judgment entered jointly against both appellant and his son must be reversed as to the son. Being indivisible under these circumstances, the judgment must also be reversed as to appellant.

*Judgment reversed. Banke, J. concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 12, 1981.

*John A. Dickerson,* for appellant.
*Frank Sutton, Richard Tunkle,* for appellee.