### 1693

Christopher M. JORDAN and Betty Branyon, Appellants v. Narcissus PAYTON, Respondent.

(409 S.E. (2d) 793)

Court of Appeals

*Charles W. Whiten, Jr.*, Anderson, *for appellants.*

*R. Lawton McIntosh*, of *McIntosh & Sherard*, Anderson, *for respondent.*

Heard Aug. 26, 1991.

Decided Sept. 23, 1991.

SANDERS, Chief Judge:

Respondent Narcissus Payton sued appellant Christopher M. Jordan, a minor child, alleging the child lost control of a car he was driving and struck Ms. Payton's house. Appellant Betty Branyon was joined as a defendant, based on allegations she is the legal guardian of the child and provided him the car "for family purposes." No other basis of liability is alleged as to her. Neither the child nor Mrs. Branyon answered. The Circuit Court found them in default and referred the case to the Master-in-Equity for a hearing on damages and to enter a final judgment. The Master granted Ms. Payton judgment by default against the child and Mrs. Branyon. They moved to set aside the default judgment. The Master denied their motion. We reverse and remand.

No guardian ad litem represented the child in the action. Rule 55, SCRCP, expressly provides: "[N]o judgment by default shall be entered against a minor . . . unless represented in the action by a guardian ad litem who has appeared therein." Counsel for Ms. Payton conceded in oral argument that the judgment against the child is "invalid." Counsel argued, however, it should be set aside only as to damages, not liability. Rule 55 makes no such distinction.

Under the express language of the rule, the default judgment entered against the child is void for all purposes, liability as well as damages.

The judgment must also be set aside as to Mrs. Branyon. Her alleged liability is based on the family purpose doctrine. As we have said, no independent basis for her liability is alleged. 'The doctrine is based on the theory that one "who has made it his business to furnish a car for the use of his family is liable as principal or master when such business is being carried out by a family member using the vehicle for its intended purpose. . . .' " *Campbell v. Paschal*, 290 S.C. 1, 8, 347 S.E. (2d) 892, 897 (Ct. App. 1986). Quite obviously, the liability of Mrs. Branyon depends upon the liability of the child. Therefore, the judgment must be valid against both or it is valid against neither. *See Johnson v. Atlantic Coast Line R. Co.*, 142 S.C. 125, 133, 140 S.E. 443, 445 (1927) ("[W]hen the master and the servant are sued together for the same act of negligence or willful tort, and the master's liability rests solely upon the servant's conduct, a verdict against the master alone is illogical and cannot stand.").

Our sister court, the Court of Appeals of Georgia, addressed almost identical facts in *Medlin v. Church*, 157 Ga. App. 876, 278 S.E. (2d) 747 (1981). There, the plaintiff sued a minor child and his father, seeking to recover damages allegedly sustained in an automobile accident. Judgment was entered against both defendants. The theory of liability underlying the judgment against the father was the family purpose doctrine. On appeal, the Court held the judgment against the child was void because he had not been properly served. The Court then proceeded to reverse the judgment against the father, holding: "Being indivisible under these circumstances, the judgment must also be reversed as to [the father]." *Id.* at 878, 278 S.E. (2d) at 750.

Reversed and remanded.

SHAW and BELL, JJ., concur.