## A96A1253. CLIFTON v. ZEMURRAY.
### (478 SE2d 897)

RUFFIN, Judge.

Nancy Brown, individually and as next friend for Candace Clifton, a minor, sued Joseph Harper and his stepfather Samuel Zemurray III under the family purpose doctrine. In her complaint, Brown sought to recover damages allegedly sustained when Clifton was struck by a pickup truck driven by Harper. Zemurray moved for summary judgment, which the trial court granted on the ground that Zemurray did not exercise the requisite degree of authority and control over Harper's use of the automobile for liability to attach. For reasons which follow, we reverse.

The correct standard for summary judgment is recited in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Under that

---

standard, a trial court should grant summary judgment only when all the facts and reasonable inferences from those facts, viewed in a light most favorable to the non-moving party, show that there is no triable issue as to each essential element in the case. Id. at 495.

Viewed in that light, the evidence in this case shows that Harper, a minor, was living with his natural mother and stepfather, Samuel Zemurray. In 1992, Harper's grandparents gave him a pickup truck as a gift, but titled it in his mother's name. Zemurray purchased the tag for the truck, paid for repairs on the truck, paid the insurance premiums and received the insurance proceeds from the accident. Harper, however, was the only driver of the truck, had the only set of keys, and paid for its gasoline and oil changes. When the collision took place, Harper was driving to his girl friend's house en route from a school function.

In response to Zemurray's motion for summary judgment, Brown pointed to portions of Harper's deposition testimony where he discussed Zemurray's authority to control his use of the truck. During that testimony, Harper acknowledged that Zemurray "could have prohibited [him] from driving the 1988 Ford Pickup truck as of [the date of the accident]." Similarly, Zemurray testified in his deposition that although his disciplinary authority over Harper was unclear, he could have prohibited Harper from using the truck if he believed Harper was an unsafe driver.

" 'In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose.' " (Citation omitted.) *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994).

"Although the four factors prescribe the parameters of the doctrine, the determinative test under the family purpose doctrine is whether the non-driving family member exerted authority and control over the vehicle. [Cit.] In other words, after it is determined that the four factors listed above are present, the inquiry becomes whether the owner of the vehicle exerted sufficient authority and control for the doctrine to be applied." *Bailey v. Butler*, 199 Ga. App. 753, 754 (406 SE2d 97) (1991). A defendant is liable under the doctrine "if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle." *Murch*

*v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983). Because the only issue presented in this appeal is whether there was sufficient evidence of authority and control, we will not address the sufficiency of the evidence concerning the four threshold factors.

It is not necessary that the right and authority to control be proved directly, as long as there is sufficient evidence from which a jury could reasonably infer that the parent had such a right. In *Murch*, supra, the facts showed that the family member was living at home and subject to her parents' general supervision. We affirmed the denial of summary judgment to the defendant although there was no direct evidence that the defendant had the right to exercise authority and control over the use of the vehicle. Id. at 540. In *Young v. Wooldridge*, 187 Ga. App. 661 (1) (371 SE2d 100) (1988), we found the evidence sufficient to create an inference of the right to control where the family member was an unemancipated minor who was a member of the immediate household.

We reached a different conclusion more recently in *Williams v. Gant*, 218 Ga. App. 493 (462 SE2d 179) (1995). In *Williams*, the evidence showed that the parents purchased the car for their son for his personal use, paid for insurance, and titled it in the father's name. Importantly, the facts showed that at the time of the accident, the son was a 19-year-old college student visiting home for the summer. The parents did not impose any rules concerning the use of the car. The only evidence showing the parents had any control was provided by the son who stated "that if his father had become angry, he could have taken the keys from him because '(h)e's my father, he can do what he wants.'" Id. We affirmed the grant of summary judgment to the parents "because the undisputed evidence show[ed] that the parents did not retain the right to exercise such authority and control over their son's use of the vehicle that it could be concluded he was their agent, arising out of that purpose, in the use of the car. [Cits.]" Id. at 494.

While the facts in *Williams* may not have been sufficient to provide a basis for application of the family purpose doctrine, the facts in the instant case are more compelling. In this case, the trial court found, and it is not disputed, that Zemurray had a property interest in the truck, that Zemurray made the truck available for Harper's personal use as a family member, and that Harper had Zemurray's permission to drive the truck at all times. Importantly, the evidence showed that at the time of the accident, Harper was an unemancipated minor living in Zemurray's home. Under *Young*, supra, this is sufficient evidence to create an inference that Zemurray had the requisite control over Harper's use of the vehicle. Evidence that Zemurray could have prohibited Harper from driving the truck further supports this inference. Accordingly, a jury could find that Harper's use

of the truck fell under the family purpose doctrine, and the trial court erred in granting summary judgment to Zemurray. See *Young*, supra.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1996 —
RECONSIDERATION DENIED DECEMBER 4, 1996 — 

*Oliver, Maner & Gray, Inman G. Hodges, Timothy D. Roberts*, for appellant.

*Barrow, Sims, Morrow & Lee, Jordon D. Morrow, Bouhan, Williams & Levy, Frank W. Seiler, Brennan, Harris & Rominger, Mason White*, for appellee.