## A98A0786. WAHNSCHAFF v. ERDMAN.
### (502 SE2d 246)

ELDRIDGE, Judge.

On August 12, 1988, an automobile driven by Jennifer Erdman rear-ended Lorain C. Wahnschaff, plaintiff-appellant. Plaintiff sued Ms. Erdman and her father, Gerard Erdman, defendant-appellees, under the Family Purpose Doctrine.

Plaintiff's complaint in two separate paragraphs pled the Family Purpose Doctrine. Paragraph 12 of the complaint reads as follows: "The 1976 Chevrolet Vega automobile driven by Defendant Jennifer B. Erdman in said collision was provided to Defendant Jennifer B. Erdman by her father, Gerard Erdman, as a family purpose automobile as defined by the laws of Georgia." Paragraph 13 states as follows: "At the time of the above described collision, said 1976 Chevrolet Vega automobile was being operated by Defendant Jennifer B. Erdman within the scope of the Family Purpose Doctrine as defined by the laws of Georgia."

Defendant Gerard Erdman admitted both paragraphs of the complaint. Ms. Erdman, in her answer, also admitted such paragraphs.

Over four years later, after the complaint against Ms. Erdman had been dismissed for insufficient service, the defendant Gerard Erdman (hereinafter referred to as defendant) amended his answer to paragraphs 12 and 13 of the complaint. In the amended answer, defendant denied that the vehicle was used under the Family Purpose Doctrine. No pretrial order had been entered prior to defendant's amendment withdrawing the admission in judicio of the Family Purpose Doctrine. The pretrial order was not filed until more than 18 months after the amendment. In the consolidated pretrial order, plaintiff contended that defendant provided the vehicle pursuant to the Family Purpose Doctrine. The defendant denied that the vehicle was a family purpose vehicle in the consolidated pretrial order. The consolidated pretrial order stated that "the issues for determination by the jury according to the Plaintiff are as follows: 'Liability of Defendant under the family purpose doctrine and the amount of damages to be awarded to Plaintiff.' "

On March 3, 1997, the case was tried before a jury. During the plaintiff's case-in-chief, the original admissions in judicio, the answers to paragraphs 12 and 13, were read to the jury as admissions against interest of the defendant. The defendant offered testimony about the amendment and the withdrawn admissions in judicio without objection. Plaintiff introduced evidence that the vehicle was titled in the defendant's name as the sole title owner. The evidence showed that, on July 29, 1988, defendant purchased the vehicle from Charles Norton and signed the back of the title as purchaser. How-

ever, defendant contended that the vehicle was purchased with his daughter's money and was titled in his name only because of her age. Ms. Erdman, on the other hand, testified that her father, the defendant, paid one-half the cost of the car and that she paid $500, the other half. In March 1989, defendant sold the vehicle as the seller. The verified interrogatory answers of defendant and his daughter stated that the defendant owned the vehicle on the date of the collision. Ms. Erdman testified that she was the sole user of the car; that she had the only keys to the car; that she paid for the maintenance and gas for the car; and that she did not have to ask permission to use the vehicle. She was a minor, living in her father's house, at the time of the collision.

At the close of all of the evidence, plaintiff made a motion for directed verdict as to the issue of defendant's vicarious liability under the Family Purpose Doctrine. The trial court denied the motion. The jury returned a defendant's verdict. Plaintiff moved for judgment notwithstanding the verdict and in the alternative for a new trial, which were both denied. A timely notice of appeal was filed as to the denial of such motion.

1. Plaintiff's first enumeration is that the trial court erred in denying her motion for directed verdict, because the defendant was conclusively bound by his original admission as to the Family Purpose Doctrine. We do not agree.

Under OCGA § 24-3-30, admissions in judicio in a party's pleadings bind the party so that they cannot put up evidence over objection to contradict such admissions. See *Reynolds v. Estate of R. J. Reynolds*, 238 Ga. 1, 3 (230 SE2d 842) (1976); *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727, 728 (152 SE2d 557) (1966); *Ditch v. Royal Indem. Co.*, 205 Ga. App. 478, 479 (422 SE2d 868) (1992); *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 602-603 (385 SE2d 677) (1989). However, if evidence that contradicts the admission in judicio is admitted either without objection or over the objection of the other party, then under OCGA § 9-11-15 (b) such evidence shall be deemed to amend the pleadings, so that the admission in judicio is withdrawn, the trial judge is deemed to have allowed such withdrawal of the admission in judicio, and the party may put up evidence to contravene the admission. *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517 (434 SE2d 63) (1993). If the party making the admission in judicio wishes to contravene the admission, then the party must first amend the pleading to withdraw the admission in judicio before such evidence may be submitted. OCGA § 9-11-15; *Summerlot v. Crain-Daly Volkswagen*, 238 Ga. 546, 547 (1) (233 SE2d 749) (1977); *Head v. Lee*, 203 Ga. 191, 203 (8) (45 SE2d 666) (1947); *Strozier v. Simmons U.S.A. Corp.*, supra at 602-603.

Although a party may withdraw or strike from the pleadings an

admission in judicio by amendment and tender evidence to contravene such admission, the opposite party can tender in evidence the original admission in judicio against such party as an admission against interest. *Stallings v. Britt*, 204 Ga. 250 (49 SE2d 517) (1948); *Alabama Midland R. Co. v. Guilford*, 114 Ga. 627 (40 SE 794) (1902); *Lydia Pinkham Medicine Co. v. Gibbs*, 108 Ga. 138 (33 SE 945) (1899); *Strozier v. Simmons U.S.A. Corp.*, supra; *Lawson v. Duke Oil Co.*, 155 Ga. App. 363 (270 SE2d 898) (1980); *Improved Fertilizer Co. v. Swift & Co.*, 15 Ga. App. 601 (84 SE 132) (1915).

Since, in this case, the defendant amended the answer prior to the entry of the pretrial order and struck the admission in judicio as to family purpose, the consolidated pretrial order set forth that this was now a contested issue, and evidence contradictory to the admission was admitted without objection at trial, then the admission no longer had the binding effect of an admission in judicio.

2. The plaintiff's second enumeration is that the trial court erred in denying plaintiff's motion for directed verdict as to defendant's liability under the Family Purpose Doctrine. We do not agree.

To constitute an admission in judicio that binds the party and upon withdrawal by amendment becomes an admission against interest, it must constitute an admission of fact or of the existence of a legal relationship. "[A]n admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact. Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio. There may be an admission in judicio as to the existence of a legal relationship between the parties, but not concerning the effect of such relationship, as this would be a legal conclusion. [Cit.] The rule pertaining to admissions in pleadings or other admissions in judicio are not applicable where the admission is merely the opinion on the part of the party making it as to the legal effect." (Punctuation omitted.) *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990).

The nature of the alleged admission in this case must be determined. If it was an admission of fact or of a legal relationship, then the admission would be evidence against the penal interest of the defendant. However, if the admission was an opinion or conclusion, then it would lack probative value as evidence. See *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (360 SE2d 280) (1987); *Perry & Co. v. New South Ins. Brokers &c.*, 182 Ga. App. 84 (354 SE2d 852) (1987).

In this case, an alleged admission in judicio was made regarding a legal opinion as to the effect of a relationship, agency under the family purpose doctrine; the alleged admission in judicio went to the effect of the legal relationship of agency, i.e., an opinion or conclusion

of the pleader as to law and not of fact. Therefore, the admission could not be an admission in judicio and could not be an admission against interest, because it was a legal opinion or conclusion that had been withdrawn by amendment from the pleadings. *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, supra at 172; see also *Head v. Lee*, supra at 203; *Walker v. Jack Eckerd Corp.*, supra at 518; *Strozier v. Simmons U.S.A. Corp.*, supra at 603. Since the alleged admission in judicio had been withdrawn and the plaintiff had tendered the alleged admission against interest into evidence, then it had no probative value despite the acceptance of the tender of an alleged admission against interest of the defendant, because it was a mere opinion or conclusion of law or of the effect of a legal relationship, i.e., Family Purpose Doctrine.

Thus, defendant's testimony at trial was not in conflict with defendant's alleged earlier admissions. Further, defendant did sufficiently explain the reason for the earlier alleged admissions in judicio, subsequently withdrawn, in order to escape the construction most unfavorable to the defendant, i.e., that the vehicle was a family purpose vehicle. Also, there was other evidence in support of such defense issue. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986); *Strozier v. Simmons U.S.A. Corp.*, supra at 603. Further, for purposes of the application of *Prophecy Corp.*, self-contradictory testimony is testimony of a party under oath or affirmation as distinguished from evidence derived from other sources. "*Prophecy Corp.* rests on the principle that a party knows what he has *sworn* and may not swear in contradiction to that which he has *sworn* to be true without explanation. The rule was *not intended to apply to an unsworn statement* of a party-witness, and we decline to so extend it." (Citation and punctuation omitted; emphasis supplied.) *Shiver v. Norfolk-Southern R. Co.*, 269 Ga. 168, 169-170 (496 SE2d 903) (1998).

The trial court did not err in making such determination prior to considering the defendant's other evidence on the motion for directed verdict and in drawing inferences favorable to the defendant. Further, defendant's daughter contradicted defendant regarding furnishing the vehicle to her: she testified that she and the defendant each paid one-half of the cost of the car; defendant testified that his daughter had paid the *entire* purchase price. This created a material issue of fact for determination by the jury. OCGA § 9-11-50 (a); *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983).

The evidence was that title was in defendant's name; that defendant purchased the vehicle in his name; that he sold the vehicle in his name; and that the daughter was a minor and lived in his house. Further, the daughter testified that the defendant furnished the vehicle by paying one-half of the purchase price. However, the

defendant testified that his daughter paid the entire purchase price as well as the operating costs and used the car to go to work.

"A defendant is liable under the [Family Purpose D]octrine 'if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle.' *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983)." *Clifton v. Zemurray*, 223 Ga. App. 756, 757-758 (478 SE2d 897) (1996). "Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes. Consequently, a mere showing that the vehicle was registered in the head of household's name and utilized by a family member alone is not sufficient to establish this to be a family purpose car. The doctrine applies to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle." (Citations and punctuation omitted.) *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994).

The grant of a directed verdict is authorized only when the evidence and all reasonable deductions therefrom demand a verdict in favor of the movant. *Mercer v. Woodard*, 166 Ga. App. 119 (303 SE2d 475) (1983). On appeal from the denial of a motion for directed verdict, the questions before the appellate court are whether or not there is a conflict in the evidence as to material issues, and whether all the evidence demanded the directed verdict, or whether there was some evidence supporting the jury verdict. *Pendley v. Pendley*, supra. The trial court did not err.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 3, 1998 — ▆▆▆▆▆▆▆▆▆

*Hyatt & Hyatt, John M. Hyatt, Tyron C. Elliott*, for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Jessica D. McKinney*, for appellee.

