A02A2404. GAITHER et al. v. SANDERS.
(578 SE2d 512)

BARNES, Judge.

Archie Glenn Sanders sued Barry Gaither for injuries sustained when Sanders hit the van Barry was driving and sued Barry's parents, Larry and Lillie Gaither, pursuant to the family purpose doctrine. The trial court granted Sanders' motion for partial summary judgment against the parents, finding they were liable under the family purpose doctrine, and the Gaithers appeal. Finding no error, we affirm.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001).

Larry Gaither testified at deposition that Barry, who was 20 when the collision occurred, had been the primary driver of the van since he was 17. Barry drove the van to college, to work, and for recreational purposes and did not need to ask permission to use the vehicle. The van was titled in his parents' name, his father paid the insurance, and Barry serviced the van with help from his father as needed. His parents also used the van periodically as needed, and Larry Gaither testified that he had discretion to suspend his son's driving privileges, although he had never actually done so. Lillie Gaither testified that after the collision, the Gaithers sold the van to a salvage yard and the parents retained the proceeds.

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose." (Punctuation omitted.) *Clifton v. Zemurray*, 223 Ga. App. 756, 757 (478 SE2d 897) (1996). For the owner to be liable under the doctrine, these four fac-

tors must apply: (1) the owner gave permission to a family member to use the vehicle; (2) the owner relinquished control of the vehicle to the family member; (3) the family member was in the vehicle; and (4) the vehicle was engaged in a family purpose. *Phillips v. Dixon*, 236 Ga. 271, 275 (223 SE2d 678) (1976).

> The doctrine is then applied to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. In other words, the four conditions prescribe when the test is to be applied, but the actual test is authority and control.

*Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983).

In this case, the evidence establishes that the Gaithers had the right to exercise such authority and control over Barry's use of the family van, and that "it may be concluded that an agency relationship" existed between them that renders the parents vicariously liable for any negligence on the son's part.

The Gaithers argue on appeal that the controlling issue is not whether the owner may exert authority and control over the vehicle, but whether the owner actually does so. Because the father testified that he had never "pulled rank" on his son and exerted his right to use the van when the son also wanted to use it, and never suspended his son's ability to use the van, the Gaithers argue, they are not vicariously liable for their son's negligence. We decline to read that requirement into the numerous cases addressing the factors involved in the family purpose doctrine. In *Wahnschaff v. Erdman*, 232 Ga. App. 77, 80-81 (2) (502 SE2d 246) (1998), cited by the Gaithers as authority for the proposition that the owner must exert actual control before being vicariously liable, a jury considered evidence that the daughter was the sole user of and held the only key to a car titled to her father and concluded after considering other evidence regarding the issue that the father was not liable under the family purpose doctrine. In *Marshall v. Whaley*, 238 Ga. App. 776 (520 SE2d 271) (1999), the son paid his father for the insurance, was the exclusive operator, and held the only key. Unlike the case before us, the father denied giving his son permission to use the truck and denied maintaining the vehicle for the family's use.

The trial court did not err in granting partial summary judgment to Sanders on the issue of Larry and Lillie Gaither's vicarious liability under the family purpose doctrine.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 24, 2003.

*Temple, Strickland, Dinges & Schwartz, William D. Strickland, John E. Jones, Jr.*, for appellants.
*Paul B. Mazur, Frank B. Lieppe*, for appellee.