A07A0109. DASHTPEYMA et al. v. WADE et al.

(646 SE2d 335)

MIKELL, Judge.

Acting pro se, Hassan Ali Dashtpeyma and Klara Dashtpeyma (hereinafter the "Dashtpeymas"), husband and wife, brought this action against Benford Wade, alleging that on June 27, 2004, Wade followed the Dashtpeymas' car, blocked their car with the car he was driving, and then came out of his car in a threatening manner, shouting obscenity-laced threats at the Dashtpeymas and brandishing a hockey stick. The Dashtpeymas also named as a defendant Cindy McEntire, Wade's mother, asserting claims against her for parental negligence and under the family purpose and negligent entrustment doctrines. After discovery, McEntire filed a motion for summary judgment, which was granted by the trial court. The Dashtpeymas now bring this pro se appeal. Because we find no error, we affirm the ruling of the trial court.

1. The Dashtpeymas have failed to provide argument or citation of authority as to the issues of McEntire's liability for negligent entrustment or her liability as a parent for Wade's foreseeable injurious conduct. Therefore, these grounds of appeal are deemed abandoned, pursuant to Court of Appeals Rule 25 (c) (2).[1]

2. The trial court ruled that the family purpose doctrine did not apply to impose liability on McEntire. The Dashtpeymas challenge this ruling, contending in their brief that the mother "supplied" the automobile for her son's use, and therefore she is liable under the family purpose doctrine. We conclude that the trial court did not err in granting summary judgment for McEntire.

The appellate review of the grant of summary judgment by the trial court is de novo, in order that we may determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. "Summary judgment

---

[1] See *Melton v. Gilleland & Sons, Inc.*, 176 Ga. App. 390 (1) (336 SE2d 315) (1985).

is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law."[2]

Properly viewed, the record shows[3] that Wade had bought the car with his own funds earned from part-time jobs. The title to the car was in his stepfather's name because under Georgia law Wade could not have the title in his name until he was 18. Although Wade, 16 years old at the time of the incident, resided with his mother and stepfather at their home and was under their supervision, it is undisputed that McEntire never owned the car, did not contribute to its purchase, and did not contribute to the cost of maintenance or gas for the car. The insurance on the car was in the parents' name, but Wade paid for the premiums.[4] On the night in question, Wade told his mother that he was going out with some friends to see a movie. She did not accompany him nor was she in the car when the altercation with the Dashtpeymas occurred.

The family purpose doctrine in Georgia provides that "[e]very person shall be liable for torts committed by . . . his child . . . by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily."[5] Thus, "when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose."[6]

To impose vicarious liability under the family purpose doctrine requires a two-step process. First, the following four preconditions must be found present:

> (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family

---

[2] (Citation omitted.) *Gaither v. Sanders*, 259 Ga. App. 810 (578 SE2d 512) (2003); see also OCGA § 9-11-56 (a).

[3] The Dashtpeymas in their brief failed to comply with the requirement of specific citation to the record set forth in Court of Appeals Rule 25 (a) (1) and (c) (3) (i)-(iii). Therefore, if any facts have been omitted from this opinion, or if we have failed to locate some evidence in the record, the responsibility rests with the Dashtpeymas. See *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780 (1) (613 SE2d 112) (2005). As we have often held, it is not our function to cull the record on behalf of a party. *Waller v. Economic & Community Dev. Dept.*, 269 Ga. App. 129, 132 (2) (603 SE2d 442) (2004).

[4] Wade eventually sold the car himself.

[5] OCGA § 51-2-2.

[6] (Citation and punctuation omitted.) *Clifton v. Zemurray*, 223 Ga. App. 756, 757 (478 SE2d 897) (1996).

member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose.[7]

Second, and only *after* the above four "necessary preconditions" have been satisfied,[8] "the doctrine renders the defendant vicariously liable if [defendant] had the right to exercise such authority and control that it may be concluded that an agency relationship existed between [defendant] and the family member with respect to the use of the vehicle."[9]

Thus, for the family purpose doctrine to apply, "[McEntire] must own or have an interest in or control over the automobile"[10] and "[she] must have provided the automobile for the pleasure, comfort or convenience of some member of [her] family."[11] This Court has described a "provider" in the following terms:

> In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reimbursement or compensation.[12]

It is clear from the record before us that McEntire neither owned, nor had any property interest in, nor supplied the automobile used by her son Wade. She did not purchase the car nor did she provide the funds for its purchase. She did not pay for its maintenance and operating costs. These undisputed facts distinguish the case at bar from *Danforth v. Bulman*,[13] relied upon by the Dashtpeymas. There, the driver's mother was found to be the owner of the car because she purchased the car for her son with funds from his late father's life insurance policy; the car was titled and registered in her name; she paid the insurance on the car; and the son's sole contribution was to

---

[7] (Punctuation and footnote omitted.) *Danforth v. Bulman*, 276 Ga. App. 531, 532 (1) (623 SE2d 732) (2005).

[8] *Wingard v. Brinson*, 212 Ga. App. 640, 641 (1) (442 SE2d 485) (1994); accord *Danforth*, supra at 534 (1) (Court determined that four preconditions to liability were present; only then did Court address "authority and control" test).

[9] (Punctuation and footnote omitted.) *Danforth*, supra at 532 (1); *Gaither*, supra at 811.

[10] (Citation omitted.) *Hurley v. Brown*, 255 Ga. App. 151, 152 (564 SE2d 558) (2002); accord *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994).

[11] (Citation omitted.) *Finnocchio v. Lunsford*, 129 Ga. App. 694, 695 (2) (201 SE2d 1) (1973).

[12] (Citation and punctuation omitted.) *Allen v. Brookshire*, 169 Ga. App. 391 (2) (312 SE2d 862) (1984).

[13] Supra.

pay for gas and oil.[14] Here, in contrast, Wade purchased the car from funds he earned, paid for its upkeep, and paid for insurance.

Neither can McEntire's liability be predicated on the fact that her husband, Wade's stepfather, facilitated the purchase of the car by holding title in his own name. Assuming without deciding that the family purpose doctrine might apply to Wade's stepfather, his liability would not be imputed to his wife. In *Allen v. Brookshire*,[15] the defendant mother purchased her daughter's car with her own funds, held title to it, and paid for all its maintenance and upkeep; she was found liable for her daughter's negligence under the family purpose doctrine.[16] Her husband, on the other hand, did not make any substantial contribution toward the purchase or maintenance of the vehicle; evidence that he took part in the decision to furnish the vehicle to his daughter was held not to be sufficient to hold him vicariously liable.[17]

Further, the fact that the automobile insurance was under the parents' name does not raise a genuine issue of material fact sufficient to bar summary judgment, because it does not "establish an agency relationship between [McEntire] and [her son Wade] with respect to the use of the vehicle."[18]

The trial court did not err in granting summary judgment to McEntire.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

## DECIDED MAY 11, 2007.

Klara Dashtpeyma, *pro se.*
Hassan A. Dashtpeyma, *pro se.*
*Hawkins & Parnell, Peter R. York*, for appellees.

---

[14] Id. at 532-533 (1).

[15] Supra.

[16] Id. at 391-392 (2).

[17] Id., citing *Gardner v. Sikes*, 110 Ga. App. 650 (1) (139 SE2d 401) (1964) (father was not a "provider" of vehicle, but mother was, where mother paid for car and father merely gave his son general cautionary instructions regarding its use and occasionally paid for gasoline and oil).

[18] *Walston*, supra at 443 (family purpose doctrine inapplicable even where defendant father held title jointly with son, was listed on insurance policy as joint owner, and received insurance proceeds but did not have "authority and control" over his son's use of vehicle).