A11A0075. O'HARA et al. v. GILMORE.

(713 SE2d 869)

MILLER, Presiding Judge.

Theresa Gilmore filed the underlying complaint against Robert and Sherrie O'Hara (the "O'Haras") and their daughter, Caitlin, seeking damages for injuries sustained in an automobile accident. Gilmore alleged that Caitlin was liable for the accident under a theory of simple negligence and that the O'Haras were liable under a theory of derivative liability pursuant to the family purpose

doctrine. Caitlin filed a special appearance, answer, and motion to dismiss on the grounds of insufficiency of process and the expiration of the statute of limitation. The O'Haras contemporaneously moved for summary judgment, contending that Gilmore's inability to obtain a judgment against Caitlin foreclosed a derivative claim against the O'Haras for vicarious liability under the family purpose doctrine. The trial court thereafter granted Caitlin's motion and dismissed her from the lawsuit with prejudice for lack of service and personal jurisdiction pursuant to OCGA § 9-11-12 (b) (2), (4) and (5).

Given its dismissal of Caitlin, the trial court concluded that it could not rule on the issue of whether the running of the statute of limitation barred the underlying action. Consequently, the trial court denied the O'Haras' summary judgment motion. We granted the O'Haras' application for interlocutory review from the trial court's denial of such motion. The O'Haras now appeal, contending that in light of Caitlin's dismissal, derivative liability against them was precluded. We agree and reverse the trial court's decision.

"On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable inferences most favorably to the nonmoving party." (Citations and punctuation omitted.) *Hall v. Hall*, 303 Ga. App. 434 (693 SE2d 624) (2010).

So viewed, the evidence shows that the accident at issue occurred on October 18, 2006. Gilmore filed the underlying suit on September 26, 2008, alleging that Caitlin operated her vehicle in a negligent manner, causing her to run into the rear of Gilmore's vehicle and, in turn, push Gilmore's vehicle into another vehicle. Gilmore served the O'Haras with process on September 27, 2008. Thereafter, Gilmore traced Caitlin to a California address, but her attempt to serve process on Caitlin there failed. Finding that Gilmore made no additional attempts to serve Caitlin after Caitlin filed her special appearance and answer, which, among other defenses, raised the defense of insufficiency of process, the trial court concluded that Gilmore failed to exercise the "greatest possible diligence" and dismissed her with prejudice.[1] Its denial of the O'Haras' motion for summary judgment followed.

The O'Haras contend that the trial court erred in denying them summary judgment because Caitlin's dismissal left Gilmore unable

---

[1] We note that the trial court's dismissal of Caitlin with prejudice was error. A ruling on a motion to dismiss for insufficient service of process does not reach the merits of the case because such deficiency constitutes a defense in abatement. *South v. Montoya*, 244 Ga. App. 52, 53 (1) (537 SE2d 367) (2000). Nor does it bar further action on an issue. *Hemphill v. Con-Chem, Inc.*, 128 Ga. App. 590, 592 (197 SE2d 457) (1973). Thus, this case should have been dismissed without prejudice.

to obtain any judgment against Caitlin for negligence, which, in turn, barred a derivative claim against them as Caitlin's parents under the family purpose doctrine.

"Under [the family purpose] doctrine, the owner of an automobile who permits members of his household to drive it for their own pleasure or convenience is regarded as making such a family purpose his business, so that the driver is treated as his servant." (Citations and punctuation omitted.) *Medlin v. Church*, 157 Ga. App. 876, 878 (2) (278 SE2d 747) (1981).

> The same principles apply to a master and servant when sued jointly in an action based solely on the negligence of the servant . . . as would apply in cases of joint liability against joint tortfeasors[. Specifically,] the verdict and judgment must be valid against both or it is valid against neither.

(Citations and punctuation omitted.) Id. While the foregoing rule of indivisibility is not absolute in all cases, it is absolute here where, among other things, "some of the tortfeasors . . . are released therefrom for reasons other than on the merits, as shown by . . . evidence . . . such as . . . lack of service. . . ." (Citation and punctuation omitted.) Id.

Here, since service was not perfected upon Caitlin, judgment against the O'Haras could not stand as a matter of law. *Medlin*, supra, 157 Ga. App. at 878 (2). Therefore, the trial court's denial of the O'Haras' motion for summary judgment was erroneous.

*Judgment reversed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 7, 2011.

*Groth & Makarenko, Nikolai Makarenko, Jr., Laura D. Johnson*, for appellants.

*John G. Walrath*, for appellee.