**December 18, 2017**

# In the Court of Appeals of Georgia

A17A1898. ANDERSON v. LEWIS, et al.

ANDREWS, Judge.

The appellant, Teena Anderson, commenced this action to recover for injuries sustained when her automobile collided with a vehicle owned by Clarence Lewis and driven by his grandson, Dana Brown. The trial court dismissed Brown as a party because of lack of service and subsequently granted summary judgment for Lewis on the grounds that Brown's dismissal was fatal to the derivative liability claim against Lewis under the family purpose doctrine. This appeal followed, and we reverse.

Previously, on July 15, 2016, the trial court granted partial summary judgment for Anderson against Lewis on the issue of liability under the family purpose doctrine. Lewis appealed that judgment, but withdrew the appeal on October 21, 2016. On September 12, 2016, during the pendency of that appeal, the trial court sua

sponte set aside the July 15, 2016 judgment, and on September 14, 2016, entered another grant of partial summary judgment for Anderson, modifying some of the conclusions of law in the original judgment.

Because Anderson was never able to locate and perfect service on Brown, on September 26, 2016, the trial court dismissed Brown for Anderson's failure to exercise due diligence to ensure proper and timely service. Ultimately, on April 17, 2017, because of Brown's dismissal from the case, the trial court granted summary judgment for Lewis based on this Court's decision in *O'Hara v. Gilmore*, 310 Ga. App. 620 (713 SE2d 869) (2011). The trial court also clarified that Brown's dismissal was without prejudice.

1. *O'Hara* involved a derivative liability claim against parents under the family purpose doctrine, in which the daughter who drove the car was dismissed due to the plaintiff's failure to perfect service on her. In that case, this Court held that the dismissal of the daughter barred judgment against the parents as a matter of law. Id. at 622. As the procedural facts of the instant case and *O'Hara* are essentially the same, the trial court did not err in following it. But Anderson contends the ruling in *O'Hara* is inconsistent with the principles set forth by the Supreme Court in *Hedquist*

*v. Merrill Lynch, Pierce, Fenner & Smith*, 272 Ga. 209, 210 (1) (528 SE2d 508) (2000), and should be overruled. We agree.

The family purpose doctrine arose from the principles of agency. *Phillips v. Dixon*, 236 Ga. 271, 272 (223 SE2d 678) (1976). "The policy behind the origin of the doctrine was the ever increasing number of automobile collisions and the frequency with which the negligent driver was found to be judgment proof. In the case of a family at least, this factor was minimized by finding liability as to the owner of the car who allowed family members to use the car for family pleasures." Id.

The family car owner's liability is vicarious. See *Dashtpeyma v. Wade*, 285 Ga. App. 361 (646 SE2d 335) (2007). In *Wilson v. Ortiz*, 232 Ga. App. 191, 196 (3) (501 SE2d 247) (1998), this Court acknowledged that "where the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, *a judgment on the merits* in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person." But we held that a dismissal of the servant for insufficient service of process is not an adjudication on the merits and does not bar an action against the master. In *Hedquist v. Merrill Lynch,* supra at 210, the Supreme Court noted the holding in *Wilson v. Ortiz* with approval and emphasized that only an adjudication on the merits,

3

i.e., an actual determination of the absence of negligence of the servant, barred a claim against a vicariously liable master.

In the instant case, under the rulings in *Hedquist v. Merrill Lynch* and *Wilson v. Ortiz*, the dismissal of Brown due to Anderson's failure to perfect service on him did not constitute an adjudication on the merits and provided no basis for granting summary judgment for Lewis. To the extent this Court's decision in *O'Hara* is inconsistent with this holding, *O'Hara* is overruled.

2. Anderson also contends the trial court's orders entered on September 12, 2016, and September 14, 2016, setting aside and modifying the July 15, 2016 grant of partial summary judgment for Anderson, were nullities because they were entered during the pendency of Lewis's appeal of the July 15, 2016 order. "A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending." (Citations omitted.) *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010). As Lewis's appeal was pending from the filing of his notice of appeal on August 12, 2016, until this Court granted his motion to withdraw the appeal on October 21, 2016, Anderson is correct. Accordingly, the trial court's order of July 15, 2016, granting partial summary judgment to Anderson, remains in effect.

*Judgment reversed. Dillard, C. J., Barnes, P. J., Miller, P. J., Ellington, P. J., Doyle, P. J., McFadden, P. J., Ray, Branch, McMillian, Rickman, Mercier, Reese, Self, and Bethel, JJ., concur.*